UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TOMMY ALLEN VALLOTTON, | |
| Petitioner, | Case No. 1:24-cv-00406-CWD |
| vs. | **INITIAL REVIEW ORDER AND REASSIGNMENT ORDER** |
| KIERAN DONAHUE, | |
| Respondent. | |

The Court now reviews the "Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241" filed on behalf of Tommy Allen Vallotton ("Petitioner"), a pretrial detainee in custody of the Canyon County Jail. (Dkt. 1.) Section 2241 is a "general grant of habeas relief" that applies to persons held in state custody for reasons other than a final state court criminal judgment; in particular, § 2241 applies to circumstances of pre-conviction custody, custody awaiting extradition, or other forms of custody that are possible without a conviction. *Dominguez v. Kernan*, 906 F.3d 1127, 1135 (9th Cir. 2018).

In its discretion, the Court may apply the Rules Governing Section 2254 Cases ("Habeas Rules") to § 2241 habeas corpus cases. *See* Habeas Rule 1(b). The Court finds it appropriate to review Petitioner's filings pursuant to Habeas Rule 4, which authorizes summary dismissal of a habeas corpus petition where "it plainly appears from the petition

**INITIAL REVIEW ORDER AND REASSIGNMENT ORDER - 1**

and any attached exhibits that the petitioner is not entitled to relief in the district court." *See also* 28 U.S.C. § 2243 (same).

Petitioner asserts he is innocent and is being wrongfully prosecuted because the prosecution is relying upon an incarcerated witness "who has a history of lying under oath" and a "strong propensity for violence." (Dkt. 1 at 1-2.) Petitioner contends that the witness is lying about Petitioner's involvement in the homicide at issue in his criminal case. The witness wants favors from the prosecution: to "get out of A Pod" and to obtain dismissal of the witness's own criminal charge. (*Id*. at 4.)

A pre-requisite to bringing a federal habeas corpus petition under 28 U.S.C. § 2241 is exhausting one's federal claims in state court. *Carden v. State of Montana*, 626 F.2d 82, 83 (9th Cir. 1980). A petitioner can satisfy the exhaustion requirement by showing that he "fairly presented" his federal claim to the highest state court with jurisdiction to consider it (proper exhaustion), or (2) that no state court remedy is available when he arrives in federal court (improper exhaustion, which requires a showing of cause and prejudice in order for a federal court to hear the claims). *See Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted).

Here, it appears that Petitioner has not exhausted his state court remedies and that several remain available to him. Petitioner is in the midst of a state court criminal action, and his claims should be brought in that case. Petitioner's defense counsel has a variety of tools to assert Petitioner's innocence in the criminal action.

Federal habeas corpus relief for pretrial detainees generally is available only in extraordinary cases where there are no remedies available in the state court system,

**INITIAL REVIEW ORDER AND REASSIGNMENT ORDER - 2**

including state court appeals. Failure to exhaust may be excused because of special circumstances, an exception rarely applied. *See Whelan v. Noelle*, 966 F.Supp. 992, 998 (D. Or. 1997). In *Whelan*, the federal district court found that special circumstances did not exist. The court recognized it was unfortunate several months would pass before the petitioner's state court appeal was completed, but concluded that the petitioner had not exhausted his state court remedies and was not excused from doing so where he "made no showing that the state appellate process is not sufficient to adjudicate his claims." *Id.* at 999.

On the other hand, in *Cohen v. Warden, Montgomery County Detention Center*, 252 F.Supp. 666 (D. Md. 1966), the court deemed the petitioner's state court remedies exhausted where his appeal had been dismissed by the highest state court because of the petitioner's financial inability to file the required briefs in his state habeas corpus proceeding. *Id.* at 672.

Here, the Court will permit Petitioner to file an amended petition to provide information about how he has attempted to raise these issues in state court, and, if so, whether he has filed an appeal. Petitioner should have a discussion with his defense counsel about ways to raise a claim of innocence or bring forward evidence that the witness is wrongfully inculpating Petitioner in the homicide for which Petitioner is charged. For example, defense counsel may have determined that the best way to address the witness issue is through cross-examination and presentation of contrary evidence at trial. If Petitioner has not had this discussion with counsel, he should do so before determining whether to attempt to proceed here. If Petitioner has been foreclosed from

**INITIAL REVIEW ORDER AND REASSIGNMENT ORDER - 3**

presenting such evidence in his state criminal case at the appropriate time, and has pursued a state court appeal that was unsuccessful, he should include those facts in his amended petition and provide any supporting documents from his criminal case. Presently, it appears that the state court criminal justice system is the proper forum in which to bring Petitioner's claims and that this case should be dismissed without prejudice.

Petitioner may file an amended petition or a notice of voluntary dismissal without prejudice (meaning he can bring the claims again at a later date through a procedurally-appropriate cause of action in an appropriate forum). In either event, Petitioner must (1) file an in forma pauperis application or (2) pay the $5.00 filing fee to the Clerk of Court. This case will be dismissed without prejudice and without further notice if Petitioner fails to take financial responsibility for his case.

## ORDER

**IT IS ORDERED:**

1. Petitioner must file an application for leave to proceed in forma pauperis or pay the filing fee of $5.00.

2. Within **21 days** after entry of this Order, Petitioner must provide facts and argument showing why the state criminal process is insufficient to address his claims and inform the Court of the current status of his criminal action, including the case number and jurisdiction in which it is being prosecuted.

**INITIAL REVIEW ORDER AND REASSIGNMENT ORDER - 4**

3. Because not all parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders, see 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the Clerk of Court shall reassign this case to a United States District Judge.

DATED: October 30, 2024

Honorable Candy W. Dale
United States Magistrate Judge